### AMERICA A. CHANDLER v. D. H. ROWE'S ADMINISTRATOR.

**Accounts, Mistakes Corrected by Court of Equity.**

A clause in a memorandum obligation, made in settlement of accounts between parties of "due, etc., if there is no mistake" would secure no right to either party which a Court of Equity would not correct, if either of the parties could show there was a mistake in the settlement prejudicial to the one complaining, in the absence of the words quoted.

**Equity—Error in Accounts Stated, Corrected—Duty of Party Alleging Error to Prove It.**

Where there is a written agreement showing a settlement of accounts between parties, the onus devolves upon the party alleging mistakes therein, and until they are shown to exist, the writing must prevail, and it is not sufficient to show that the parties had other dealings and various transactions prior to the date of the writing, but it devolves on the one complaining to show that payments made prior thereto, were not settled and were omitted by mistake.

**Written Instruments Evidence Against Estate.**

A writing, signed by a testator in settlement of an estate for which he was trustee, is evidence of an intention by the parties to adjust the accounts of the trust estate, and a settlement between the parties.

APPEAL FROM BOYLE CIRCUIT COURT.

June 11, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

By a judicial proceeding in the Marion Circuit Court, D. H. Rowe, now deceased, was, about July, 1861, appointed trustee for appellant, Mrs. A. H. Chandler, and executed a bond with appellee A. P. Lee as his surety, for the faithful discharge of his trust. On the 20th day of July, 1861, as appears from a memorandum in the pleadings signed by Rowe, trust funds amounting to $2,240, came to his hands.

In the summer of July, 1864, Rowe died intestate, and administration of his estate was granted to said A. P. Lee, who filed his

petition in the Boyle Circuit Court against the heirs, widow and creditors of his intestate for a settlement of the estate.

Mrs. Chandler, being a defendant, filed her answer and cross-petition against the personal representative of intestate and made the Lee the surety of her late trustee, also a defendant, in which she alleges an indebtedness of intestate to her as her trustee in the sum of $1,963.34, subject to a credit of $150, paid July 23, 1864, and twenty dollars paid in December, 1864, which indebtedness she alleges to be evidenced by a writing bearing date the 29th of April, 1864, signed by said intestate, which she files with and as a of her answer; and prays judgment for said sum of $1,963.34 with interest from the date of the writing aforesaid and her costs, against the personal representative of intestate and Lee as his surety, subject to said credits.

Mrs. Chandler alleged in her cross-petition that the amount claimed by her as due her late trustee, was ascertained by a settlement of their mutual accounts and dealings up to the date of said writing.

Lee in his answer to said cross-petition, admits the appointment of his intestate, trustee for appellant and that he executed the bond with the surety as she alleges, but denies the indebtedness of his intestate to her, says he has no knowledge of any such settlement as charged by her, or of the execution of the writing set up by her, and charges if any such settlement was made, it was obtained by fraud and mistake, or by the fraudulent combination of his intestate and appellant to cheat, and injure him as the surety of intestate, that his intestate paid large sums of money for her, and on her orders, for which he got no credit in said pretended settlement and enumerates quite a number of individuals to whom Rowe paid money, with the sums paid to each and to a further credit for the amount of an account found amongst his papers, after his death, made out by him in pencil, which he files and for which he asks a credit, and also for an allowance for the services of his intestate as trustee as aforesaid.

After the answer to the cross-petition of appellant was filed, the case was referred to the master to audit and state he accounts, and report the result of his investigations.

The master reported the state of the accounts between the parties in four aspecs, with varying and widely differing results.

In the first he reports a balance in favor of Mrs. Chandler on the

1st of January, 1866, of $1,171.07. In the second the reported balance is only $96.10. In the third, the indebtedness is stated to be $1,231.58. And in presenting the fourth, the master states there is a memorandum of a settlement made between Mrs. Chand-ler and her trustee, of date 29th of April, 1864, referred to in her answer, and filed with the deposition of Mrs. Alice Rowe; taking this as a basis, he makes the balance in her favor up to the 1st of January, 1866, $1,828.64.

Exceptions were filed to the report, by the parties, and the matters were again referred to the master who reported, taking the first statement of his former report as a basis, the amount in favor of Mrs. Chandler of $1,088.28. And that if the writing of the 29th of April, 1864 was taken as the basis of the settlement, the result would be as contained in the fourth statement of his former report.

The court below adjudged to Mrs. Chandler one thousand and fifty dollars as the full amount due her on account of said trust and gave judgment for that sum and costs against the estate of said intestate and his surety, and she has appealed.

The paper relied upon by appellant in her cross-pleading as evidencing the amount due her by her late trustee, reads as follows:

> "Due Mrs. A. H. Chandler, nineteen hundred and sixty three dollars and thirty-four cents, as trustee on settlement, if there is no mistake. A. P. Lee as my security. Given under my hand this April 29th, 1864. D. H. Rowe."

Across the words "if there is no mistake" in said writing a pen has been drawn as if to erase them, but they are still legible, as presented in this record, and it is insisted that the instrument should be read with said words remaining just as if they had never been touched, and full effect given to them.

The plea of *non est factum,* is not put into the instrument, nor is it alleged in the answer of appellee that said words were erased by appellant after the writing was signed and delivered to her; but it is deemed not important, and the writing will be considered as if those words stood without a mark upon them. What effect is to be given to the writing thus considered? There is no evidence of fraud or imposition on the part of appellant. The writ-

ing certainly must be treated as evidence, not only of an intention on the part of the parties thereto to settle and adjust the accounts between them relating to the trust funds in the hands of intestate; but it is evidence that a settlement was made, as expressed in the instrument, and it is conclusive of that fact, if there is no other misake in it. This saving, or *proviso* in the writing, secures no right to the parties which the law does not secure, for it is mutual, and if either of the parties could show there was a mistake in the settlement prejudicial to the one complaining the same would be corrected in a court of equity, in the absence of the words quoted. But the *onus* devolves on the party alleging the mistake to prove it. And until it is shown to exist by the evidence, the writing must control, and it is not sufficient to show that the parties had other dealings, and various transactions prior to the date of said writing; but it devolves on appellee to show that payments made prior thereto were not settled, and were omitted by mistake, otherwise the effect and dignity of the written evidence of contracts and dealings deliberately and solemnly made by the parties, would be reduced to the level of the frail, varying and uncertain memories of individuals. These evils it is the duty of courts to avert, by giving effect to writings fairly and deliberately executed, and treating them as the best evidence of the agreement of the parties, until it is overcome by strong counteracting evidence of mistake, or fraud. In this case such evidence is not found in this record.

It is scarcely credible that in a settlement, the intestate would have omitted to bring forward the items of credit, or the greater part of them now claimed as credits, especially as some of them are large compared with the amount of trust fund, if they had not been settled previously, which is forfeited by the fact that other monies of appellant were in the hands of intestate, the principal of the trust fund was reduced several hundred dollars and the interest all consumed.

We cannot concur with the Circuit Judge, wherefore the judgment is reversed, and the cause remanded with directions to refer the case to the master to report the amount due, taking the paper of the 29th of April, 1864, as the basis, allowing appellee credits for all sums paid since that date, and for proceedings consistent herewith.

*Bell, and VanWinkle, for appellant.*
*Durham, for appellees.*